## JOSEPH A. PIERCE *vs.* ADELIA SIMMONS.

The opinion heretofore given in this case, 16 R. I. 689, explained and affirmed.

PLAINTIFF'S petition for a new trial in the Court of Common Pleas.

After the proceedings already reported in this case, 16 R. I. 689, a new trial took place in the Court of Common Pleas at its September Term, 1890, for the County of Providence, which resulted in a verdict for the defendant under instructions from the presiding justice. The plaintiff took exceptions, which were allowed, and filed his petition in this court for a new trial, alleging errors of law in the court below.

*November* 28, 1891. PER CURIAM. When this cause was before us at former term, we decided that Abby Simmons had power under her husband's will to sell, and convey the farm in question. The parts of the will in question are printed 16 R. I. 690. The plaintiff seems to have understood us to hold that this power was a technical power which she possessed independently of the estate devised to her. The exception he has taken, and which is the basis of his petition for a new trial, rests upon that theory. The will, however, contains no such power, nor did we use the word in that sense. The power which she possessed, according to our opinion, was a power resulting from the nature of the estate devised to her, and the fullness and completeness of the gift to her.

We then intimated our doubts as to whether the subsequent gift to the testator's sister of whatever might remain at the death of Abby Simmons could be sustained; but as in our opinion Abby Simmons had, under the devise to her, full power of sale and alienation, we did not deem it necessary, nor do we now, to decide whether such gift could or could not be sustained.

*Plaintiff's petition for a new trial denied, and dismissed with costs.*

*Edward D. Bassett,* for plaintiff.

*E. L. Barney & Warren R. Perce,* for defendant.